UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 18-MC-51755

v.

MICHELLE FREEMAN,

HON. GEORGE CARAM STEEH

Defendant,

and

FIDELITY MANAGEMENT
TRUST CO.,

Garnishee.
______________________________/

ORDER GRANTING DEFENDANT'S OBJECTION (DOC. 13) TO GARNISHMENT AND QUASHING WRIT OF GARNISHMENT (DOC. 6)

This is a miscellaneous action in which the government is seeking a garnishment order. Defendant Michelle Freeman was convicted of conspiracy to commit heath care fraud. The court entered a judgment against her on September 21, 2017. Doc. 13-1. She was sentenced to a term of 20 months' imprisonment and ordered to pay restitution in the amount of $401,897.82. The judgment provides that "Defendant shall receive credit on her restitution obligation for recovery from other

defendants who contributed to the same loss that gave rise to defendant's restitution obligation." *Id.* at 7.

Based upon Defendant's ability to pay, the court ordered a lump sum payment of $100 "due immediately." *Id.* The court further ordered that "[p]ayment during the term of supervised release will commence within 60 days . . . after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time." *Id.* Defendant was scheduled to be released from prison on April 18, 2019.

On December 14, 2018, the government filed an application for a writ of continuing garnishment. The Clerk issued a writ to Fidelity Management Trust Company, which responded that Defendant has retirement account with a market value of $65,016. After the parties stipulated to extend the time to do so, Defendant filed a request for hearing regarding the garnishment on March 18, 2019. Defendant objects that garnishing her retirement account would be inconsistent with the terms of the judgment and that it would cause her financial hardship.

## LAW AND ANALYSIS

The crux of Defendant's argument is that her judgment does not require her pay the balance of her restitution obligation immediately, but rather it provides that the court will set a payment plan based upon her

ability to pay. The government argues that the imposition of a payment plan does not necessarily preclude the employment of other enforcement measures.

Courts have held that "[g]arnishment is improper where the government is seeking payment of an amount that is not currently due." *United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018). "By statute, it is the district court – not the government – that determines how a defendant is to pay restitution. . . . Thus, the government can enforce only what the district court has ordered the defendant to pay." *United States v. Martinez*, 812 F.3d 1200, 1202 (10th Cir. 2015) (citing 18 U.S.C. § 3664(f)(2)); *see also United States v. Hughes*, 914 F.3d 947, 949-50 (5th Cir. 2019) (following *Martinez*); 18 U.S.C. § 3664(f)(2) ("The *court* shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. . . .") (emphasis added).

When the judgment provides for installment payments and does not order that the full amount of restitution is payable immediately, courts have held that the government may not attempt to enforce the full restitution amount because the full amount is not yet due. *See Hughes*, 914 F.3d at 950 ("[T]he government's attempt to enforce the full restitution amount conflicts with the installment-based directive in Hughes's original

judgment."); *Martinez*, 812 F.3d at 1203 ("[T]he district court specifically declined to order immediate payment of the entire amount."). As the Tenth Circuit has explained:

> Courts have almost uniformly recognized a "crucial distinction" between cases . . . in which the court orders the defendant to pay only through a payment schedule with no requirement of immediate payment in full, and cases . . . in which the judgment specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments to cover any unpaid amounts.

*Williams*, 898 F.3d at 1055 (citations omitted). *See also United States v. Behrens*, 656 Fed. Appx. 789, 790 (8th Cir. 2016) (denying objection to garnishment because "the judgment specified that the amount owed was due in full on the date of judgment"); *United States v. Shusterman*, 331 Fed. Appx. 994, 996 (3d Cir. 2009) (garnishment appropriate means to collect restitution when the "judgment provides that restitution is due immediately").

In this case, the judgment does not provide that the full amount of restitution is due immediately. Rather, the judgment states that the court "will set the payment plan." Doc. 13-1. Allowing the government to seek garnishment under these circumstances "would allow the government to usurp the district court's role in evaluating the defendant's financial condition and setting the payment

schedule." *Martinez*, 812 F.3d at 1206 (noting that under 18 U.S.C. §§ 3664 and 3572, "the district court must consider the defendant's financial condition before deciding how restitution is to be paid"). For these reasons, the court will grant Defendant's motion and quash the writ of garnishment. The court will consider the value of Defendant's retirement account, as well as Defendant's financial condition as a whole, at the time it sets the payment plan.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion (Doc. 13) is GRANTED and that the Writ of Continuing Garnishment (Doc. 6) is QUASHED without prejudice.

Dated: June 11, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk